Sealed



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **17-61937**

**CIV - DIMITROULEAS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STUDENT DEBT DOCTOR, LLC, a Florida limited liability company,<br><br>and<br><br>GARY BRENT WHITE, JR., individually and as an officer of Defendant Student Debt Doctor, LLC,<br><br>Defendants. | [FILED UNDER SEAL] |

### PLAINTIFF'S *EX PARTE* MOTION TO TEMPORARILY SEAL DOCKET AND ENTIRE FILE, AND MEMORANDUM IN SUPPORT

Plaintiff, the Federal Trade Commission ("Plaintiff"), moves this Court *ex parte* for an order temporarily sealing the docket and entire case file, including all motions, briefs, memorandums of law, exhibits, and orders of this Court. Plaintiff seeks the temporary seal for a very limited duration, in order to ensure the proper execution of Plaintiff's proposed *ex parte* temporary restraining order and the Court's ability to provide effective final relief, as follows.

In this action, Plaintiff seeks to halt Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. To halt Defendants' wrongful acts and provide effective final relief for victims, Plaintiff moves this Court for an *ex parte* temporary restraining order with an asset freeze, appointment of a receiver,

immediate access to the Defendants' business premises, and other equitable relief ("*ex parte* TRO"). Plaintiff files its motion for *ex parte* TRO concurrently with this motion to seal.

The Court's discretion to temporarily seal the docket and the entire file is part of the Court's inherent equitable power, which permits the Court to grant any "preliminary relief … that may be needed to make permanent relief possible."[1] Indeed, "[e]very court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes…. The decision regarding access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."[2] Temporarily sealing the docket and entire file is also consistent with FRCP 65(b)'s requirement that *ex parte* TROs issue when "immediate and irreparable injury, loss or damage" would result if the Defendants were given advance notice of the Plaintiff's application. Moreover, Courts in this District have granted motions requesting temporary docket and document seals in similar enforcement actions filed by the government.[3]

As detailed in the FTC's Motion and Memorandum in Support of its *Ex Parte* Motion for a Temporary Restraining Order, and in the Rule 65(b) Declaration of Plaintiff's counsel, Hans Clausen, Defendants, since at least 2014, have routinely violated the FTC Act and the Telemarketing Sales Rule in their sale of student-loan-debt-relief services.

---

[1] *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 469 (11th Cir. 1996) (reiterating holding in *FTC v. United States Oil & Gas Corp.*, 748 F.2d 1431 (11th Cir.1984)).
[2] *Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978).
[3] *See FTC and State of Florida v. All US Marketing LLC, et al.*, No. 6:15CV1016-ORL-28GJK (M.D. Fla. June 22, 2015); *Office of the Attorney General, the State of Florida, et al. v. Berger Law Group, et al.*, No. 8:14-CV-1825-T-30MAP (M.D. Fla. Aug. 1, 2014); *FTC and State of Florida v. Worldwide Info Services, Inc., et al.*, No. 6:14-CV-8-ORL-28DAB (M.D. Fla. Jan. 7, 2014); *FTC v. Innovative Wealth Builders, Inc., et al.*, No. 8:13-CV-123-T-23EAJ (M.D. Fla. Jan. 14, 2013); *FTC v. Pro Credit Group, LLC*, No. 8:12-CV-586-T-35EAJ (M.D. Fla. Mar. 20, 2012); *FTC v. Nat'l Solutions, LLC*, No. 6:11-CV-1131-Orl-22GJK (M.D. Fla. July 11, 2011); *FTC v. Vacation Prop. Servs., Inc.*, No. 8:11-CV-00595-T-27MAP (M.D. Fla. Mar. 23, 2011).

If this case were docketed immediately as a matter of public record, there is a substantial possibility that Defendants would learn of the case before being served with the TRO. Defendants' alleged pervasive deceptive conduct indicates that were they informed of this case they would likely destroy or conceal business records or other tangible things and dissipate assets. The dissipation, destruction, or concealment of assets and records would frustrate the FTC's ability to obtain, and this Court's ability to award, full, effective, and meaningful relief for the victims of Defendants' unlawful practices.

Plaintiff requests that the seal last long enough to effect service on the Defendants, and on those persons and financial institutions holding Defendants' assets. Therefore, Plaintiff respectfully requests that the Court grant this *ex parte* Motion and temporarily seal the docket and entire file **until 5:00 p.m. Eastern Time on the fifth business day after the Court enters its order.**

Respectfully submitted this October 2, 2017.

DAVID C. SHONKA,
Acting General Counsel

HANS CLAUSEN, Special Bar No. A5502378
R. MICHAEL WALLER, Special Bar No. A5501647
Federal Trade Commission, Southeast Region
225 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303
Telephone: (404) 656-1361
Facsimile: (404) 656-1379
E-mail: hclausen@ftc.gov; rwaller@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION